David E. Newhouse, Esq.　　　　State Bar No. 54217　　For Court Use Only
NEWHOUSE & ASSOCIATES　　　Tel. No. (650) 348-8652
Twin Oaks Office Plaza Ste 112　　Fax. No. (650) 348-8655
477 Ninth Avenue　　　Email: den@attycubed.com
San Mateo, Ca. 94402-1858
Attorney for Plaintiff/Defendant Arthur D. Sulit

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR D. SULIT, an individual<br>Plaintiff<br>v.<br>SLEP-TONE ENTERTAINMENT CORPORATION, a North Carolina Corporation dba as SOUND CHOICE®, INNOVATIVE MULTIMEDIA SOLUTIONS, LLC<br>Defendants | Case No. C06-00045 ~~MJJ~~ MMC |
| and | |
| INNOVATIVE MULTIMEDIA SOLUTIONS, LLC<br>Plaintiff<br>v.<br>ARTHUR D. SULIT, an individual<br>Defendant | Case No. C06-03793 ~~MJJ~~ MMC |

## STIPULATION FOR AND ~~PROPOSED~~ PROTECTIVE ORDER

1　PARTIES:　Plaintiff/Defendant ARTHUR D. SULIT, (SULIT) an individual and

2　　　　　Defendants/Plaintiffs:　SLEP-TONE ENTERTAINMENT CORPORATION, a North

3　　　　　　　　　　Carolina Corporation dba as Sound Choice®, (SLEP-TONE) and

4　　　　　　　　　　INNOVATIVE MULTIMEDIA SOLUTIONS, LLC (IMS)

5　　　The parties through their respective attorneys hereby stipulate and agree (1) that discovery in the

6　above-captioned action may involve the disclosure of trade secrets and/or confidential business and

7　proprietary material of the respective parties; (2) that this action does not present any public health or

safety concerns; and (3) good cause exists for a protective order preserving the trade secrets, and/or confidential business and proprietary material of the respective parties as follows:

Pursuant to the stipulation and agreement of the parties, and finding good cause therefore **THE COURT MAKES THE FOLLOWING ORDER:**

**1.    DEFINITIONS**

1.1. "Confidential Information" shall mean any information and things, whether revealed during a deposition, in a document, in a discovery response or otherwise, that a Party or nonparty desires to be governed by this Protective Order.  Confidential Information shall include information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," pursuant to the provisions herein.  Confidential Information shall not include any information that prior to disclosure thereof was public knowledge, or that, after disclosure thereof, becomes public knowledge through no wrongdoing and as a result of publication by one having the unrestricted right to do so.

1.1.1. Information or materials may be designated "CONFIDENTIAL" if the designated item includes any proprietary and/or sensitive technical information; trade secrets; confidential know-how; information about a party's customers; license materials; and/or proprietary business information that is actually confidential and is not freely available to the general public or otherwise in the public domain.  Should the parties disagree about whether information that is "obvious" to a person knowledgeable in a particular field in light of public information can be confidential, each reserves the right to address this issue at a later time.

1.1.2. Information or materials may be designated as "ATTORNEYS' EYES ONLY" if the designated item is "CONFIDENTIAL" as described above and further is contended to be of such highly proprietary or sensitive nature that a party in good faith believes the risk of improper use arising from unrestricted disclosure to another party clearly outweighs the need for all individuals associated with that party to review it.

1.2. "Party" and "Parties" refer exclusively and are limited to the following persons and entities: ARTHUR D. SULIT (S<small>ULIT</small>), SLEP-TONE ENTERTAINMENT CORPORATION, a North

Carolina Corporation dba as Sound Choice® (SLEP-TONE), and INNOVATIVE MULTIMEDIA SOLUTIONS, LLC, (IMS). This definition shall in no way limit the Parties' discovery obligations under the Federal Rules of Civil Procedure.

1.3. "Producing Party" shall mean any Party or any third party, who produces for inspection, provides access to, provides copies of, provides testimony containing, or otherwise discloses Confidential Information to any other Party.

1.4. "Requesting Party" shall mean any Party who requests production, provision of access, provision of copies, or provision of testimony containing, or disclosure of, Confidential Information from a Producing Party.

1.5. "Receiving Party" shall mean any Party who receives the Confidential Information of a Producing Party.

**2.    ADMINISTRATION AND LOGISTICS**

2.1. Discovery Requests

2.1.1. For written discovery responses and for documents and things produced in response to discovery requests that constitute or contain Confidential Information, the responses or documents, as the case may be, shall be designated by a Party at the time of production by stamping or otherwise affixing to each page or thing containing Confidential Information, as appropriate, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.1.2. For deposition testimony, unless modified by agreement of counsel or by Court order, only those persons authorized by this Order to receive Confidential Information may be present during depositions. Furthermore, if during the course of a deposition, a Party contends any portion of the testimony constitutes "ATTORNEYS' EYES ONLY" Confidential Information, at any time during the course of the deposition, counsel for that Party may so designate on the record, and only those persons authorized by this Order to receive "ATTORNEYS' EYES ONLY" Confidential Information may be present for those portions. All deposition testimony shall be treated as "CONFIDENTIAL" Confidential Information, or alternatively "ATTORNEYS' EYES ONLY" Confidential Information if such a designation was made during the deposition or within two (2) weeks following receipt of the transcript

thereof. During this two (2) week period if no such designation was made during the deposition, a Party may designate all, or a portion of, the resulting deposition transcript as containing "CONFIDENTIAL" Confidential Information or "ATTORNEYS' EYES ONLY" Confidential Information by a written designation sent to all Parties. Until the expiration of this two-week period, unless otherwise designated, the transcript shall presumptively be treated as "ATTORNEYS' EYES ONLY."

### 2.2. Production of Confidential Information

The Parties agree to the following parameters for the production of Confidential Information. Legible photocopies of documents, and where reasonably possible, inspected things, may be used for all purposes in this action in the place of, and to the extent that, "originals" may be so used. The "original" copy of the document, to the extent and in whatever form it may be found in the files of a party, and the original things, shall be made available for inspection at reasonable times upon reasonable request of the requesting party.

### 2.3. Inadvertent Disclosures

If a Producing Party at any time notifies any other Party, in writing, that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, each Receiving Party shall return all copies of such documents, testimony, information and/or things to the inadvertently producing Party within five (5) business days of receipt of such notice and shall not use such items for any purpose until further order of the Court. The return of any discovery item to the inadvertently producing Party shall not in any way preclude the other Party from moving the Court for a ruling that the document or thing was never privileged.

If a Receiving Party cannot reasonably return the inadvertently disclosed document, for example if the document is embedded in a computer file, the Receiving Party shall delete the page or document from the computer file and delete the inadvertently disclosed document(s) from all versions of the original file containing the particular document(s). The Producing Party shall identify the inadvertently disclosed document by Bates number to the Receiving Party.

*Newhouse & Associates* STIPULATION FOR AND PROPOSED PROTECTIVE ORDER Page 4 OF 14
477 Ninth Ave. 112 San Mateo, CA 94402-1858 Tel: 650-348-8652 Fax: 650-348-8655 email: den@attycubed.com

The inadvertent production of any document or thing without any confidentiality designation shall be without prejudice to a Party's claim that such material is Confidential Information. If a Party asserts that such materials are Confidential Information, the Receiving Party shall take prompt steps to ensure that all known copies of such material are marked with the appropriate confidentiality designation and treated as such. Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

**3.  AUTHORIZED ACCESS TO CONFIDENTIAL INFORMATION**

Access to, and disclosure of, all documents, testimony, information, and things received by a Receiving Party pursuant to discovery that are designated "CONFIDENTIAL," shall be limited to:

3.1. Outside counsel for the Requesting or Receiving Party, and their paralegals, administrative assistants, secretaries, support staff and litigation support services, including without limitation copy services, document production services, exhibit-making services, translation services, coding services, scanning services, animation services, jury consultants, and mock jurors. It will be the responsibility of each of the parties' undersigned counsel to ensure compliance with the Protective Order. Execution of this Order by undersigned counsel shall constitute a representation that outside counsel shall use reasonable best efforts to ensure that all such persons observe the terms of this Order;

3.2. Subject to Section 6 of this Order, outside consultants, or experts retained by a Party in this litigation who are not employees of the Party or its affiliates, and who do not have any existing or ongoing employment or retainer relationship with the Party, shall agree to be bound by this Order to the same extent as if they were a party to this agreement and shall not use a Producing Party's Confidential Information: (i) for the benefit of the Requesting or Receiving Party other than in connection with this litigation; or (ii) for the benefit of any other person or entity;

3.3. In-house counsel for the Requesting or Receiving Party, and their paralegals, administrative assistants, secretaries, and support staff. Execution of this Order by undersigned counsel shall constitute a representation that all such persons shall observe the terms of this Order;

3.4. Any witness testifying in a deposition in this case, regardless of the current status of his or her employment, if: (i) the witness is listed as an author or recipient on the face of such Confidential

Information; and/or (ii) the lawyer disclosing such Confidential Information has a good-faith reasonable belief based upon the witness's testimony that the witness may have access to the Confidential Information;

      3.5. Court reporters, videographers, and Court personnel, as necessary; and

      3.6. Current employees of a Party deemed necessary to assist counsel in the Party's preparation of its case. All such employees shall first submit a sworn undertaking, in substantially the form attached hereto as Exhibit A.

**4.    AUTHORIZED ACCESS TO "ATTORNEYS' EYES ONLY" INFORMATION**

Access to and disclosure of such Confidential Information shall be limited to the individuals listed in Sections 3.1, 3.2, 3.4 and 3.5, above.

**5.    COURT FILINGS CONTAINING CONFIDENTIAL INFORMATION**

A Party who submits any pleading, paper, or other document filed in this action that contains or attaches Confidential Information subject to this Order must also file a motion or an application for an order sealing the records, pursuant to Civil Local Rule 79-5 of the U.S. District Court for the Northern District of California. The records must be put in sealed enclosures to which are attached a caption for this action, the title of, or description of, the nature of the contents, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and a statement substantially in the following form: "CONDITIONALLY UNDER SEAL: THE ENCLOSED DOCUMENT IS SUBJECT TO A MOTION OR AN APPLICATION TO FILE THE DOCUMENT UNDER SEAL." The submission shall state clearly which portions are designated as confidential.

In the alternative, pursuant to the requirements of Civil Local Rule 79-5 of the U.S. District Court for the Northern District of California, a Party who files or intends to file with the Court for the purposes of adjudication or to use at trial records produced in discovery that are subject to this Order, and does not intend to request to have the records sealed, must, in addition to its other obligations under this Rule, give 10 days advance written notice to all other Parties that the records will be placed in the public court file unless those Parties file a timely motion or application to seal the records. The Party giving such notice

shall refrain from filing with the Court or using at trial the subject records until the Court rules on such motion, unless no such motion or application to seal is filed within that 10-day period.

In the event that a Party elects to exclude certain Parties (or other persons who are precluded from access to designated information) from a hearing as provided in this paragraph, the Party shall provide the other Parties written notice of their intent to exclude ten (10) business days prior to such hearing.

**6. PERSONS ACCESSING CONFIDENTIAL INFORMATION**

Any person, prior to receiving Confidential Information under Sections 3.1, 3.2, 3.3, and/or 3.6 above, shall be furnished with a copy of this Order and shall acknowledge in writing that he or she has read this Order, understands it, and agrees to be bound by it. Such acknowledgement shall be consent to and comprise an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Order, including any proceeding relating to the enforcement of the Order. (See form attached as Exhibit A.)

**7. CONSULTANTS AND EXPERTS**

The following provisions shall control the dissemination of Confidential Information to consultants and experts.

7.1. A Party proposing to show Confidential Information to a consultant or expert per Section 3.2, above, shall first submit a sworn undertaking signed by the consultant or expert, in substantially the form attached hereto as Exhibit A, and a curriculum vitae (a "C.V.") which includes the consultant's or expert's name, current business affiliation and address, any known present or former relationships between the consultant or expert and any other Party, and current and past employment and consultations within the last 5 years. The undertaking and C.V. shall be delivered to the Producing Party digitally as a pdf document via internet email or other digital electronic transmission process with a confirmatory copy at least ten (10) business days prior to the disclosure of any Confidential Information to such consultant or expert.

7.2. If a Party receiving a notice pursuant to Section 7.1, objects to such Confidential Information being disclosed to the selected consultant or expert, such Party shall make its objections known to the sender of this notice, via facsimile with a confirmatory copy, within ten (10) business days of

the facsimile transmission of the written notification required by Section 7.1. If a written notice of objection is provided, no Confidential Information shall be disclosed to the selected consultant or expert until the objection is resolved by an order of the Court or by an agreement among the Parties involved. However, if the Parties involved, after meeting and conferring, cannot reach an agreement, and if no motion or other formal request is filed with the Court by the Party making the objection within ten (10) business days of the facsimile transmission of the written notice of objection, the objection shall automatically be considered withdrawn, and Confidential Information may thereupon be disclosed to the selected consultant or expert.

## 8. NO OTHER USE

Under no circumstances shall any Receiving Party disclose or make use of any Confidential Information obtained by it except for purposes of this civil action. Such restriction, however, shall not apply to information that, at or prior to disclosure thereof in this action, is or was public knowledge through no wrongdoing and was a result of publication by one having unrestricted right to do so, or that is otherwise in the public domain. This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Information for any purposes.

## 9. CHALLENGES TO CONFIDENTIAL DESIGNATION

The provisions of this Order shall be without prejudice to the right of any Party to bring before the Court the question of whether any particular item should no longer be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Order.

## 10. BURDEN IN CONTEMPT PROCEEDINGS TO ENFORCE THIS PROTECTIVE ORDER

In the event a Party attempts to enforce the protections afforded by this Protective Order against any other Party through a contempt proceeding, the Party desiring to challenge the confidentiality designation bears the burden of proving that the designated material is public information.

## 11. THIRD-PARTY PRODUCTIONS AND PROTECTIONS

To the extent that documents, things, and deposition testimony are sought from a third party, and in the event any documents, things, and/or deposition testimony are obtained from a third party, such third

party, or any Party, shall have the right to designate any such documents, things and/or deposition testimony as Confidential Information ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"), and the use of such Confidential Information by any Receiving Party shall be governed in all respects by the terms of this Order. By availing itself of the benefits, rights, and protection of a Producing Party under this Order, such a third party thereby agrees to be bound by the terms of this Order and shall have standing under this Order to bring a claim for violations of its terms against the parties and any person who signed an undertaking as provided by this Order or who is otherwise bound by this Order. Such a third party shall also be deemed to have subjected itself to the jurisdiction of this Court and to comply with all terms of this Order.

**12.     LASTING OBLIGATIONS**

Upon final termination of this action, including any appeals, the following provisions shall continue in full force and effect, with regard to the subject matter of this Order.

12.1.    All persons subject to the terms hereof shall, within sixty (60) calendar days after final termination, collect and return to the respective Parties all material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and all copies thereof, and shall return or destroy all other outlines, summaries, abstracts, compilations, memoranda and other documents, embodying or concerning such information and materials. Alternatively, at the option of the Producing Party, all persons subject to the terms of this Order may, within sixty (60) calendar days after final termination, certify in writing that such materials and documents have been destroyed. Notwithstanding the foregoing, outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties, including deposition, hearing, and trial transcripts, recordings, and exhibits.

12.2.    All obligations and duties arising under this Order shall survive the termination of this action, including any appeals. The Court retains jurisdiction indefinitely over the Parties, and any persons provided access to Confidential Information under the terms of this Order, with respect to any dispute over the improper use of such Confidential Information.

**13.     TRIAL**

This order shall apply to pre-trial proceedings, to the trial of this action, and through any and all appeals. The Parties shall address with the Court during the pretrial conference any additional measures necessary to ensure that the confidentiality status of materials to be introduced into evidence during trial is preserved during trial.

### 14. PROTECTION FROM SUBPOENA OR OTHER SIMILAR DEMAND

If a Party (1) is subpoenaed in another action, (2) is served with a demand in another action to which it is a party, or (3) is served with any other legal process by one not a Party; and, if such subpoena, demand, or other legal process seeks Confidential Information which was produced by someone other than that Party; then, the Party shall give prompt actual written notice, by hand or facsimile transmission, to the Producing Party, and shall object to its production to the reasonable extent permitted by law. Should the person seeking access to the information or material take action against the Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Information, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

### 15. RENDERING ADVICE

Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of Confidential Information under the terms of this Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of such information. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Confidential Information to any other person or party where such disclosure would not otherwise be permitted under the terms of this Order. Nothing in this paragraph shall be construed as permitting such advising attorneys from using ATTORNEY'S EYES ONLY information to render advice on patent prosecution and/or patent prosecution strategy contrary to the restrictions of paragraph 4.

**16. USE OF CONFIDENTIAL INFORMATION IN COURT PROCEEDING**

In the event that any Confidential Information or material designated as such under this Protective Order is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as Confidential Information through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

**17. NO ADMISSION OR WAIVER**

Entering into, agreeing to, and/or producing or receiving Confidential Information, or otherwise complying with the terms of this Order shall not:

17.1. operate as an admission by any Party or non-party that any particular Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

17.2. prejudice in any way the rights of any Producing Party to object to the production of documents they consider not to be subject to discovery;

17.3. prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

17.4. prejudice in any way the rights of a Party to seek determination by the Court whether any documents, information, or things should or should not be subject to the terms of this Order; or

17.5. prejudice in any way the rights of any Producing Party to petition the Court for a further protective order relating to any purportedly confidential information.

**READ, CONFIRMED, STIPULATED, AND AGREED TO BY:**

Date: January 15, 2008

*David E. Newhouse*
Digitally signed by David E. Newhouse
DN: cn=David E. Newhouse, o=Newhouse / Associates, ou, email=den@attycubed.com, c=US
Date: 2008.01.15 10:00:52 -08'00'

David E. Newhouse, Attorney for Plaintiff/Defendant Arthur D. Sulit

1     Date: January 16, 2008

                                          Russell M. Racine, Attorney for Defendants/Plaintiff Slep-Tone Entertainment Corporation & Innovative Multimedia Solutions, LLC

2     **IT IS SO ORDERED.**

3     Dated: February 22, 2008

                                     ~~MARTIN J. JENKINS~~
                               UNITED STATES DISTRICT JUDGE
                                         MAXINE M. CHESNEY

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR D. SULIT, an individual<br>Plaintiff<br>v.<br>SLEP-TONE ENTERTAINMENT CORPORATION, a North Carolina Corporation dba as SOUND CHOICE®, INNOVATIVE MULTIMEDIA SOLUTIONS, LLC<br>Defendants | Case No. C06-00045 ~~MJJ~~ MMC |
| and | |
| INNOVATIVE MULTIMEDIA SOLUTIONS, LLC<br>Plaintiff<br>v.<br>ARTHUR D. SULIT, an individual<br>Defendant | Case No. C06-03793 ~~MJJ~~ MMC |

### CERTIFICATE OF COMPLIANCE WITH ORDER FOR THE PROTECTION OF CONFIDENTIAL AND PROPRIETARY MATERIAL

I, _____, declare:

1. My address is _____.

2. My present occupation is _____. My present employer is _____.

3. I have received a copy of the Order for the Protection of Confidential and Proprietary Material ("Protective Order") in this action. I have carefully read and understand the provisions of this Protective Order.

4. I certify that I am eligible to have access to Confidential Information under the terms of the Protective Order; and if necessary there under, my curriculum vitae is attached hereto.

5. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those parties specifically authorized by the Protective

Order, and will not copy or use, except for purposes of this action, any information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that I receive in this action.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct under laws of the State of California.

_____

Executed this ____ day of _____, _____ at _____.